**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA**

**AUGUSTA DIVISION**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

**KAYLA TAYLOR**

**1645 Goshen Rd**

**Augusta, Georgia 30906**

**Plaintiff,**

**v.**

**NAVY FEDERAL CREDIT UNION**

 **c/o Registered Agent:**

**Corporation Service Company (CSC) 2 Sun Court, Suite 400 Peachtree Corners, Georgia 30092**

**Defendant.**

**Case No. _____**

MAR 25 2026

FILED

CV126 - 059

**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA)**

Plaintiff Kayla Taylor ("Plaintiff") brings this action against Defendant Navy Federal Credit Union ("Navy Federal") and alleges as follows:

**I. JURISDICTION AND VENUE**

1.  This action arises under the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.

2.  This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question jurisdiction).

3.  Venue is proper under 28 U.S.C. §1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to the claims occurred in this District.

**II. PARTIES**

4. Plaintiff Kayla Taylor is a natural person residing at 1645 Goshen Rd, Augusta, Georgia 30906, and is a "consumer" within the meaning of 15 U.S.C. §1681a(b).

5. Defendant Navy Federal Credit Union is a furnisher of credit information to consumer reporting agencies ("CRAs") and is subject to the requirements of the FCRA, including 15 U.S.C. §1681s-2(a) and §1681s-2(b). Defendants regularly and habitually furnish information regarding consumer credit experiences to CRAs.

## III. FACTUAL ALLEGATIONS

### A. Plaintiff's Initial Discovery of Inaccuracies

6. In June 2025, Plaintiff reviewed her credit reports from TransUnion, Equifax, and Experian and discovered multiple inaccuracies relating to a Navy Federal account ending in 5746 ("the Account").

### B. Plaintiff's Certified Disputes to Navy Federal

7. In June 2025, Plaintiff mailed a written dispute to Navy Federal via certified mail, identifying the specific inaccurate reporting and requesting correction or deletion.

8. Navy Federal never responded to the June 2025 dispute.

9. On August 22, 2025, Plaintiff mailed a second certified dispute to Navy Federal with USPS tracking number 9207190142980424810331, again identifying the inaccurate information and requesting correction or deletion.

10. USPS records confirm that Navy Federal received and signed for August 22, 2025, dispute on August 27, 2025.

11. Despite receiving Plaintiff's disputes, Navy Federal failed to respond, failed to investigate, and failed to correct or delete the inaccurate information within the timeframe required by 15 U.S.C. §1681s-2(b).

12. Plaintiff continued disputing the Account and specifically requested deletion of the inaccurate information, as Navy Federal had well over 30 days from August 27, 2025, to investigate and respond but failed to do so.

### C. Navy Federal's Ongoing Inaccurate Reporting

13. Despite receiving Plaintiff's disputes, Navy Federal continued furnishing inaccurate, contradictory, and incomplete information to TransUnion, Equifax, and Experian regarding the Account.

14. Although Metro 2 is not federal law, it is the industry standard created by the Consumer Data Industry Association (CDIA) for accurate credit reporting. Because the FCRA requires furnishers to report information with maximum possible accuracy, 15 U.S.C. §1681e(b), deviations from Metro 2 demonstrate violations of 15 U.S.C. §1681s-2(a) and §1681s-2(b).

1. Ongoing Charge-Off Codes After Account Charge-Off

15. Navy Federal reported the Account with a delinquency sequence of 30 → 60 → 90 → 120 → 150 → CO (charge-off) and then continued reporting the Account as "CO" every single month throughout 2024 and into 2025.

16. According to Metro 2 standards, once an account is charged off, the reporting must reflect a final status. Monthly updates of delinquency codes after charge-off artificially extend the damage period and constitute illegal re-aging of the Account.

17. Continuous monthly reporting of charge-off status violates 15 U.S.C. §1681s-2(a)(1)(A) (furnishing information known or reasonably should be known to be inaccurate) and §1681s-2(b) (failure to investigate and correct after receiving Plaintiff's disputes).

2. Inaccurate Date of First Delinquency (DOFD)

18. Navy Federal reported a Date of First Delinquency ("DOFD") of November 11, 2023, but TransUnion listed the removal date of October 2030 for the Account.

19. These dates are mathematically inconsistent. If the DOFD is November 11, 2023, then the account should be removed on November 11, 2030 (seven years later), not October 2030. This discrepancy indicates that either the DOFD is misreported or the payment history contradicts the reported DOFD.

20. According to Metro 2 standards, the DOFD must reflect the actual first missed payment that led to charge-off and must match the payment history grid. The discrepancy between the reported DOFD and the removal date evidence inaccuracy in Navy Federal's reporting.

21. Misreporting the DOFD violates 15 U.S.C. §1681s-2(a)(5) (furnishers must report an accurate DOFD), §1681c(a)(4) (CRAs cannot report accounts more than seven years from DOFD), and §1681s-2(b) (failure to correct DOFD after receiving Plaintiff's disputes). Misreporting DOFD is a per se violation of the FCRA.

### 3. Contradictory and Inaccurate Dispute Status Reporting

22. Navy Federal reported contradictory dispute comments on the Account, including both "Consumer Disputes – Reinvestigation in Progress" and "Consumer Disputes After Resolution."

23. These two statements are contradictory and cannot both be true. An investigation cannot simultaneously be "in progress" and "completed." According to Metro 2 standards, Metro 2 requires accurate and consistent dispute coding and prohibits contradictory dispute statuses.

24. These contradictions violate 15 U.S.C. §1681s-2(a)(3) (furnishers must report an account as disputed when dispute notice is received), §1681s-2(b) (failure to review all relevant information during reinvestigation), and §1681i(a) (CRAs cannot reinvestigate accurately when dispute coding is wrong or contradictory).

### 4. Failure to Conduct a Reasonable Investigation

25. Despite receiving Plaintiff's two certified disputes—one in June 2025 and a second on August 27, 2025—Navy Federal failed to conduct any reasonable investigation into the alleged inaccuracies.

26. Navy Federal continued to report the same inaccurate information—including the internally inconsistent DOFD, the ongoing charge-off codes, and the contradictory dispute notations—without any correction, update, or response to Plaintiff.

27. A reasonable investigation by Navy Federal would have easily discovered these inaccuracies: (a) comparing the reported DOFD to the removal date would reveal the mathematical impossibility; (b) reviewing the payment history would show whether ongoing monthly charge-off codes are appropriate; (c) reviewing the dispute comments would reveal the contradiction between "in progress" and "completed." Navy Federal's failure to perform these basic review steps demonstrates both negligence and willful disregard for its FCRA obligations.

28. Navy Federal's failure to investigate violates 15 U.S.C. §1681s-2(b)(1)(A) (must conduct a reasonable investigation), §1681s-2(b)(1)(B) (must review all relevant information), §1681s-2(b)(1)(C) (must correct inaccurate information), §1681s-2(b)(1)(D) (must report results to CRAs), and §1681s-2(a)(8)(E) (must respond to direct disputes).

## IV. STATUTORY VIOLATIONS

29. Plaintiff incorporates all preceding paragraphs by reference and alleges that Defendant Navy Federal Credit Union has violated the following provisions of the Fair Credit Reporting Act:

a) 15 U.S.C. §1681s-2(a)(1)(A) – Furnishing information known or reasonably should be known to be inaccurate.

b) 15 U.S.C. §1681s-2(a)(3) – Failure to mark accounts as disputed when dispute notice is received.

c) 15 U.S.C. §1681s-2(a)(5) – Failure to report an accurate Date of First Delinquency.

d) 15 U.S.C. §1681s-2(a)(8)(E) – Failure to respond to direct disputes within statutory timeframe.

e) 15 U.S.C. §1681s-2(b) – Failure to conduct a reasonable investigation, failure to review all relevant information, failure to correct inaccurate information, and failure to report results to CRAs.

f) 15 U.S.C. §1681e(b) – Failure to maintain maximum possible accuracy in the information furnished to CRAs.

## V. DAMAGES

### A. Credit Score Harm and Financial Impact

30. As a direct and proximate result of Navy Federal's inaccurate reporting, Plaintiff's credit scores dropped substantially.

31. Due to the lowered credit standing caused by Navy Federal's inaccurate reporting, Plaintiff was denied credit on multiple occasions, including being declined for a personal loan in October 2025 and a retail credit account in December 2025.

32. Plaintiff was also offered significantly higher interest rates on other credit products due to the derogatory and inaccurate tradeline, resulting in increased financial costs over the life of those obligations.

### B. Emotional Distress and Mental Anguish

33. Plaintiff experienced severe emotional distress and mental anguish due to Navy Federal's continued publication of false information on her credit reports despite her repeated disputes.

34. Plaintiff experienced anxiety, frustration, embarrassment, loss of sleep, and feelings of powerlessness and distress due to Navy Federal's failure to respond to or correct the inaccuracies after receiving multiple certified disputes.

35. Due to uncertainty regarding her creditworthiness created by Navy Federal's inaccurate reporting, Plaintiff avoided applying for additional credit opportunities out of fear of further denials and the accompanying embarrassment and emotional harm.

## C. Time, Effort, and Out-of-Pocket Costs

36. Plaintiff spent considerable time and effort drafting disputes, preparing documentation, mailing certified letters, tracking delivery confirmation, monitoring her credit reports, and attempting to resolve this matter directly with Navy Federal.

37. Plaintiff incurred out-of-pocket expenses including postage, printing, certified mailing fees, credit monitoring services, and other costs directly related to attempting to resolve Navy Federal's inaccurate reporting.

38. Plaintiff was forced to divert substantial time away from work, family responsibilities, and personal obligations to address Navy Federal's continued inaccurate reporting and to pursue this legal action.

## D. Ongoing Publication of False Information

39. Navy Federal's inaccurate information continues to be published to TransUnion, Equifax, and Experian, causing repeated harm each time Plaintiff's credit report is accessed by potential lenders, employers, or other third parties permitted to receive her credit report.

40. Plaintiff had no control over the ongoing dissemination of this false information, which has continued from June 2025 through the present day, long after Navy Federal received her disputes and had multiple opportunities to correct the errors.

## VI. CAUSES OF ACTION

## COUNT I – WILLFUL VIOLATION OF THE FCRA

41. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

42. Navy Federal willfully violated the Fair Credit Reporting Act by: (a) furnishing information known or reasonably should be known to be inaccurate; (b) failing

to conduct reasonable investigations upon receipt of direct disputes; (c) failing to correct inaccurate information after receiving Plaintiff's certified disputes; (d) misreporting the Date of First Delinquency; (e) reporting contradictory dispute statuses; and (f) continuing to report charge-off codes monthly, in violation of 15 U.S.C. §1681s-2(a) and §1681s-2(b).

43. Navy Federal's willful noncompliance with the FCRA was reckless, knowing, or with conscious indifference to the requirements of the FCRA and Plaintiff's rights thereunder. After receiving certified disputes, Navy Federal had clear notice that Plaintiff disputed the accuracy of the information. Despite this notice, Navy Federal continued to furnish and report the inaccurate information without investigation or correction.

44. As a result of Navy Federal's willful violations of the FCRA, Plaintiff is entitled to recover statutory damages, actual damages, punitive damages, and attorney's fees and costs under 15 U.S.C. §1681n.

## COUNT II – NEGLIGENT VIOLATION OF THE FCRA

45. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

46. In the alternative, Navy Federal negligently violated the Fair Credit Reporting Act by: (a) furnishing information known or reasonably should be known to be inaccurate; (b) failing to maintain reasonable procedures to assure the maximum possible accuracy of information furnished; (c) failing to conduct a reasonable investigation upon receipt of direct disputes; and (d) failing to correct inaccurate information after receiving notice of disputes, in violation of 15 U.S.C. §1681s-2(a), §1681s-2(b), and §1681e(b).

47. Navy Federal's negligent noncompliance resulted in the furnishing and continued reporting of inaccurate information to Plaintiff's detriment.

48. As a result of Navy Federal's negligent violations of the FCRA, Plaintiff is entitled to recover actual damages and attorney's fees and costs under 15 U.S.C. §1681o.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kayla Taylor respectfully requests that this Court enter judgment against Defendant Navy Federal Credit Union and grant the following relief:

a) Statutory damages in the amount of $1,000 under 15 U.S.C. §1681n(a)(1)(A) for willful violations of the FCRA.

b) Actual damages in the amount of $15,000 for financial harm (including credit denials, higher interest rates, and out-of-pocket expenses), emotional distress, mental anguish, loss of sleep, and other tangible and intangible harm suffered as a direct result of Navy Federal's violations.

c) Punitive damages in the amount of $10,000 under 15 U.S.C. §1681n(a)(3) for willful noncompliance with the FCRA, to punish Navy Federal for its reckless disregard of Plaintiff's rights and to deter future violations.

d) Reasonable attorney's fees and costs incurred in prosecuting this action under 15 U.S.C. §1681n(a)(3) and §1681o(a)(3);

e) An order requiring Navy Federal to immediately cease furnishing inaccurate information regarding the Account to TransUnion, Equifax, and Experian.

f) An order requiring Navy Federal to delete the inaccurate information from the Account immediately and ensure such corrections are reported to all three credit reporting agencies.

g) Prejudgment and post judgment interest at the maximum rate allowed by law.

h) Such other and further relief as this Court deems just, proper, and equitable under the circumstances.

VIII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable under the Federal Rules of Civil Procedure.

Respectfully submitted,

KAYLA TAYLOR, Pro Se
1645 Goshen Rd
Augusta, Georgia 30906
Phone: 443-844-0973
Email: Kayla J Taylor 777@Gmail.com
Date: 03-25-2026