IN ~~THE~~ UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KAYLA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-059 |
| | ) | |
| NAVY FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). (See doc. nos. 1, 2.) Upon review of the original IFP motion, the Court determined Plaintiff had provided incomplete and inconsistent answers to all of the questions on the IFP form because she described receiving no wages or other income, nor did she list any regular monthly expenses of any sort. (See doc. no. 5.) In light of the phone number, email address, and private address provided in the IFP motion, the Court concluded, "The information provided rings false because it obviously costs money to live." (Id. at 1.) Thus, on March 26, 2026, the Court denied Plaintiff's original motion without prejudice and directed her to submit a new IFP motion within twenty-one days and warned Plaintiff if she did not timely submit a new motion or pay the $405 filing fee, she risked dismissal of the case. (See id. at 2-3.) Plaintiff's renewed IFP motion is now before the Court for review. (Doc. no. 6.)

Plaintiff again indicates she has no monthly income from any source and has no cash or money in any financial institution.  (Id. at 1-2.)  She states she previously worked at Fedex from October 2024 to March 2025, but she lists her previous gross monthly pay as "N/A."  (Id. at 2.)  Plaintiff disclosed a 2005 Toyota Corolla valued at $490 as her only asset.  (Id. at 3.)  In response to the question inquiring about her monthly expenses, including transportation costs, Plaintiff wrote the number zero for every single category.  (Id. at 4-5.)  Finally, Plaintiff states she lives with her mother, both she and her mother are disabled, and she "do[es] not contribute to household or living expenses because [she] cannot do so."  (Id. at 5.)

The Court previously explained why it did not have sufficient information to determine whether Plaintiff should be allowed to proceed IFP and directed her to submit a new motion "with current, accurate, and complete financial information."  (Id. at 2.)  In response, Plaintiff submitted a second IFP motion - attested as true under penalty of perjury - with inconsistent and conflicting numbers.  For example, she listed a previous employer yet avers she somehow did not receive any income from this job.  (Id.)  She describes that she lives with her mother, but she claims to receive zero dollars a month from gifts or other sources.  (Id. at 1, 5.)  She further provided she has no transportation costs despite owning a vehicle, which certainly needs gas and periodic maintenance to function.  (Id. at 3.)  Ultimately, the numbers provided simply do not add up and are inconsistent with daily life.  The Court thus continues to lack the requisite information to make an informed decision about whether Plaintiff should be permitted to proceed IFP.

Leave to proceed IFP is discretionary with the Court, and that discretion is to be exercised so as not to deny a party access to the courts solely on account of financial standing. See Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Although poverty sufficient to qualify

under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a *privilege*, not a right.  See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 (1993).  Indeed, "courts should grant the privilege 'sparingly' in civil cases for damages."  Thomas v. Sec'y of Dep't of Veterans Affs., 358 F. App'x 115, 116 (11th Cir. 2009) (*per curiam*) (citation omitted).  Serious misrepresentations may be considered by the Court when determining whether an IFP motion should be granted.  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 137 (11th Cir. 2004) (*per curiam*) (citation omitted).

In sum, Plaintiff failed to provide complete and accurate financial information so that the Court could determine whether she should be allowed to proceed IFP despite the Court's March 26th Order giving Plaintiff an opportunity and specific instructions on how do so. Given the significant discrepancies outlined above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's second motion to proceed IFP be **DENIED**, (doc. no. 6), and Plaintiff be **DIRECTED** to pay the full filing fee if she intends to pursue her case.  Should the District Judge adopt this recommendation and Plaintiff fail to pay the filing fee within twenty-one days after that final action, the case should be **DISMISSED** without prejudice and **CLOSED**.  Of course, Plaintiff may choose to pay the $405 filing fee now, and the case will proceed without further delay.

SO REPORTED and RECOMMENDED this 20th day of April, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3